# In The United States District Court
# For The Western District of Massachusetts

| | |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E. Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega<br><br>        **PLAINTIFFS**<br><br>    v.<br><br>IBPO, Local 364,<br>        **DEFENDANT** | CIVIL ACTION NO.:<br>04-30163-MAP |

## APPLICATION FOR INJUNCTIVE AND DECLARATORY RELIEF, INCLUDING TEMPORARY RESTRAINING ORDER

Now come the Plaintiffs in the above entitled action, respectfully requesting that this Honorable Court issue a preliminary injunction ordering the Defendant International Brotherhood of Police Officers, Local 364 (IBPO, Local 364) to provide the named plaintiffs the relief requested pursuant to Rule 65 of the Federal Rules of Civil Procedure for the reasons stated in their Memorandum in Support of Plaintiffs' Emergency Complaint and Application for Injunctive and Declaratory Relief Including Temporary Restraining Order, filed this date, August 24, 2004.

WHEREFORE, the Plaintiffs respectfully request that Defendant (IBPO, Local 363) be enjoined and ordered as follows:

A. That this Court immediately issue a Temporary Restraining Order against Defendant IBPO, Local 364 and all other persons acting in concert with them, restraining the enforcement of the Arbitrators Award and from enjoining the enforcement of reassigning Springfield Police Officers' badge numbers.

B. That this Court immediately issue a preliminary injunction against Defendant IBPO, Local 364 and all other persons acting in concert with them, enjoining the enforcement of reassigning Springfield Police Officers' Badge numbers.

C. That this Court render a Declaratory Judgment:

      (1) Declaring the Arbitrator exceeded his authority in finding for Defendant IBPO, Local 364.

      (2) Declaring that the Arbitrator exceeded his authority in exercising jurisdiction over this Court by usurping the clear intent of <u>Castro v. Beecher</u> consent decree.

      (3) Declaring that the Arbitrator's award unlawfully discriminate against Plaintiffs based on race, color and nationality.

D. That this Court adjudge, decree, declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment.

E. That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's order.

A proposed order is attached.

DATE: August 24, 2004                    Respectfully Submitted,

                                         By Plaintiffs Attorney

                                         Tammy Sharif
                                         BBO #659134
                                         Holly D. Battige
                                         BBO#:654621
                                         Attorneys for Plaintiffs
                                         1242 Main Street, Suite 314
                                         Springfield, MA  01103
                                         (413)439-0200


## CERTIFICATE OF SERVICE

On August 24, 2004, PRIOR TO FILING WITH THE CLERK OF THIS COURT, I, Tammy Sharif, counsel for Plaintiffs, caused copies of the accompanying Application for Injunctive and Declaratory Relief Including Temporary Restraining Order to be served upon the office of the International Brotherhood of Police Officersby First Class Mail.

### In The United States District Court
### For The Western District of Massachusetts

| | |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E. Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega <br><br> **PLAINTIFFS** <br><br> v. <br><br> **IBPO, Local 364,** <br><br> **DEFENDANT** | CIVIL ACTION NO.: |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY COMPLAINT AND APPLICATION FOR INJUNCTIVE AND DECLARATORY RELIEF, INCLUDING TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE PRESIDING JUDGE:**

NOW COMES Plaintiffs, by and through their undersigned counsel, and respectfully requests this Court to issue a Temporary Restraining Order, Declaratory Judgment, and Preliminary and Permanent Injunctive Relief. In support thereof, Plaintiffs shows unto the Court as follows:

This is a civil action for race discrimination in violation of the Fifth and Fourteenth Amendments to the United States Constitution. By this motion, Plaintiffs seek injunctive relief preventing Defendant International Brotherhood of Police Officers, Local 364 (IBPO, Local 364) from discriminating on the basis of race, color and natural origin in violation of the Constitution.

This is a civil action whereby Plaintiffs seeks Declaratory Judgment, Preliminary and Permanent Injunctive Relief, and a Temporary Restraining Order. Plaintiffs seeks Preliminary and

Permanent Injunctive Relief, enjoining Defendant IBPO, Local 364, their agents, servants and employees and those acting in active concert and with actual notice there of, from enforcing the Arbitrator's Award, granted on June 25, 2004, which, is in direct conflict with the Consent Decree enumerated in Castro v. Beecher, 459 F.2d 725 (1st Cir. 1972).

Plaintiffs pray for Declaratory Judgment to determine the constitutionality of the actions of the Arbitrators Award in exercising jurisdiction over the Castro v. Beecher case and in reassigning badge numbers.

An actual controversy exists between the parties involving substantial constitutional issues, in that the actions of the Arbitrator in exercising jurisdiction over the Castro v. Beecher case and in reassigning badge numbers constitute actions delegated to this Court, thereby violating the Federal Consent Decree.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by 28 U.S.C.§§1331, as this action seeks redress pursuant to a law of the United States and for violations of plaintiffs' constitutional and civil rights.

2. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Temporary Restraining Order.

3. One or more Defendants reside in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Venue is therefore proper in the United States District Court for the Western District of Massachusetts pursuant to 28 U.S.C. *1391(b)

## PARTIES

4. Plaintiffs are and were at all times relevant herein, individuals and residents of Hampden County Massachusetts and are police officers of the Springfield Police Department.

5. Plaintiffs are minority Springfield Police Officers. (See Affidavits)

6. Defendant IBPO, Local 364, is and was all times relevant herein, a resident of Hampden County Massachusetts and is the entity responsible for enforcing the Arbitrator's Award granted on June 25, 2004.

**I. Prayer For Relief**

7. Plaintiffs are minority Springfield Police Officers. (See Affidavits)Effective February 24, 2004, the City of Springfield will begin reassigning badge numbers to Springfield City Police Officers.

8. Due to the serious constitutional violations alleged by the Plaintiffs in their Complaint, it is imperative that a preliminary injunction, including a temporary restraining order, be issued to preserve the status quo until a quick and final determination of the validity of the badge reassignments can be made by this Court. Unless the Defendants are immediately enjoined, the IBPO, Local 364 will begin reassigning badge numbers in direct conflict with this Courts 1973, Consent Decree enumerated in Castro v. Beecher, 365 F.Supp. 655 (D. Mass. 1973), and the IBPO will undermine the effect this Court intended when deciding Castro v. Beecher.

9. A party seeking a preliminary injunction must establish these four well known factors: (1) a substantial likelihood of success on the merits; (2) a threat of irreparable injury; (3) that its own injury would outweigh the injury to the nonmovant; and (4) that the injunction would not disserve the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (**1st Cir. 1991**).

**II. Likelihood Of Complainant To Prevail On The Merits**

10. Plaintiffs strongly believe that there is a substantial likelihood that they will prevail on the merits for the following reasons. Title VII of the Civil Rights Act of 1964, prohibits

employment discrimination based on race, color, religion, sex and national origin. In 1973, this Court enumerated a Consent Decree that the City of Springfield was required to follow when hiring for positions in the Springfield Police Department. Prior to this Courts Consent Decree of 1973, the Springfield Police Department had no affirmative practice when hiring minorities and was free to discriminate in its hiring.

11. For the reasons set forth in the accompanying Complaint, Plaintiffs are substantially likely to be able to demonstrate that the reassignment of Springfield Police Officer's badge numbers does in fact discriminate against minority Officers in the Springfield Police Department.

12. This Court, in Castro v. Beecher, 495 F.2d 725 (1st Cir. 1972), set out guidelines for the nondiscriminatory hiring practice of Massachusetts police officers. The Court ordered that to ensure the [b]asic principles of compensatory relief… (4) that certification by the director of Civil Service in response to requisition requests submitted by police departments be made from the two pools of eligibles according to some ratio. Id. at 737. The Court further ordered that to ensure the [b]asic principles of compensatory relief…that certification by the director of Civil Service in response to requisition requests submitted by police departments be made from the two pools of eligibles according to some ratio. Id. at 737. The Court then went on to state that without the cooperation of the appointing authorities in the various police forces the remedial approach could not be fully effective. Id.

13. It has been the past practice of the Springfield Police Department, as the hiring authority, to issue badge numbers to patrol officers by following the civil service list, which is formulated in a one-for one manner in accordance with the Consent Decree enumerated in Castro v. Beecher, 495 F.2d 725 (1st Cir. 1972). This one-for-one appointment has, to date, allowed the Springfield Police Department to begin repairing the disparity in hiring

practices that has plagued the Springfield Police Department for years prior to the 1972 Decree.

14. Plaintiffs intend to show that the Arbitrator's Award, granted on June 25, 2004, is in direct conflict with the Consent Decree enumerated in Castro v. Beecher, 459 F.2d 725 (1st Cir. 1972), and that the implementation of the Arbitrators Award by IBPO, Local 364 unfairly and blatantly discriminates against minorities in the Springfield Police Department.

15. The Plaintiffs will show that they are a protected class, that they will suffer harm as a result of the adverse employment action taken by the IBPO, Local 364, and that the determinative cause of the adverse action taken by the IBPO was a direct result of the harbored discriminatory animus the Defendants have for the Plaintiffs in this matter.

16. Presently IBPO, Local 364, through arbitration, on April 6, 2004, has been allowed to override the Consent Decree by formulating a revised list based solely on how each individual scored on the civil service examination(Exhibit 1, "Arbitrator's Award"). (Exhibit 3, "Revised List") (Exhibit 4, "List Before Arbitrator's Award).

17. Clearly this revised list does not follow the one-for-one alternating format set out in Castro v. Beecher. By overriding the Consent Decree, and revising the list, nearly every minority officer in the Springfield Police Department will be negatively affected. In essence minority officers will lose their seniority, thus allowing majority officers to unfairly increase their seniority.

18. The basis of the Arbitrator's Award stems from his interpretation of section 7.02 of the Collective Bargaining agreement between IBPO, Local 364 and the City of Springfield. That provision of the contract reads as follows:

> **7.02** So far as not in conflict with the General Laws, seniority among employees who are appointed and complete recruit training academy on the same date, shall be based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to

the employees appointed after July 1, 1995, and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court of administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

19. The Arbitrator interprets section 7.02 of the contract as the leading authority for the hiring practices carried out by the Springfield Police Department. The Arbitrator briefly mentions that the "City of Springfield and its Police Department have been subject to the terms of a "Consent Decree" entered into as part of a lawsuit known as Castro v. Beecher." The Arbitrator goes on to acknowledge that the Consent Decree requires that the "Springfield Police Department engage in a hiring procedure resulting in "one for one" hiring of minorities and majorities." (Exhibit 1, p. 5). However, the Arbitrator when finding for IBPO, Local 364 clearly usurps the purpose of the Consent Decree and applies his own somewhat thwarted interpretation to this Courts Decree.

20. The Arbitrator acknowledges that the reassignment of badge numbers will predominantly advantage majority members of the Academy Classes of 1996 and 1997 in the future with respect to shift and vacation assignments, but will also advantage minority officers currently on layoff because their likelihood of being recalled would increase. (Exhibit 1, p. 18). This is not the effect the Court sought when it decided Castro v. Beecher, 365 F.Supp 655 (D. Mass. 1973). The goal to right the disparity amid the appointment of minority workers cannot be accomplished by a likelihood that laid off workers will be recalled. The application of the Arbitrators award does nothing to ameliorate the continuing effects of past discrimination. In fact any relief that was afforded to minorities based on "a program of color conscious relief that included priority pooling of minorities, with choices made

from the priority pool until it was exhausted" will be reversed at the implementation of the Arbitrators award. See <u>Castro v. Beecher</u>, 365 F.Supp 655 (D. Mass. 1973).

21. The Arbitrator blatantly disregarded the HRD's certification handbook entitled "A Certification Handbook" issued to appointing authorities in the State of Massachusetts for entry level police officers positions. The handbook clearly instructs all appointing authorities to comply with the provisions of the <u>Castro v Beecher</u> Consent Decree. (See Exhibit 2, p. 6 ¶ 5.)

22. The facts clearly show that the Plaintiffs have a substantial likelihood of prevailing on the merits. In sum, Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex and national origin. In 1973, this Court enumerated a Consent Decree that the City of Springfield was required to follow when hiring for positions in the Springfield Police Department. Prior to this Court's Consent Decree of 1973, the Springfield Police Department had no affirmative practice when hiring minorities and was free to discriminate in its hiring. On April 6, 2004, the Arbitrator awarded to IBPO, Local 364 the right to directly controvert the Consent Decree enumerated by this court. At the Unions retroactive implementation of the Arbitrators award the effect of the Consent Decree will be reversed and past discrimination practices will be allowed to flourish.

### III. Irreparable Injury To Complainant

23. The Second requirement is that there exists the threat of irreparable injury. It is hard to imagine how a minority officer in the Springfield Police Department would not be injured if IBPO, Local 364's manipulation of the Consent Decree, enumerated in <u>Castro v. Beecher</u>, is allowed to proceed based on the Arbitrator's award.

24. The reassignment of badge numbers is a direct violation of Title VII of the Constitution and an order from the United States District Court, condoning this type of violation would cause unprecedented damage to minority police officers.

25. Minority police officers in Springfield as well as the Commonwealth have fought long and hard to gain ground in achieving equality at this juncture. If the badge numbers are allowed to be reassigned minority officers will, in essence, be stripped of their seniority and be first in line when the next round of layoffs occur in the Springfield Police Department. Additionally, these officers will lose their current vacation cycles that have taken them so long to achieve. They will also lose their current shift assignments. These officers have spent many years suffering through undesirable shift assignments to achieve the more desirable shifts based on their seniority. The chance of these minority officers ever regaining their current seniority will be permanently lost. In essence once badge number reassignment takes effect and officers lose their seniority they will never be able to be made whole again.

## IV. Movant's Injury Outweighs Injury to Non-Movant

26. Third, the movant's injury would obviously outweigh the injury to the non-movant if a preliminary injunction is not granted. If the IBPO, Local 364 is permitted to implement the Arbitrator's award the Plaintiffs' injury is final and fatal.

27. On the other hand, even if the temporary restraining order is granted, the non-movants are not injured. The minority and majority officers retain their status quo on the force and do not waiver in their seniority. IBPO, Local 364 would not be injured due to the fact that its contract would not be negatively impacted, but could in fact remain as it is and continue to defer to the Consent Decree for direction to the appointing authority and its part in carrying out the Consent Decree.

## V. The Public's Interest Will Not Be Disserved

28. Finally, the issue of a preliminary injunction will not disserve the public interest. The exact opposite will occur. If the injunction is not issued, and the implementation of the Arbitrators award goes forward, and minority police officers are discriminated against the public interest and faith will be destroyed.

29. The public interest in seeing the hiring of minority officers remain on a one-to-one basis is great. It is in the interest of the public to see the continued reparation of past discriminatory hiring practice in the Springfield Police Department.

30. By allowing the Arbitrator's Award to IBPO, Local 364 to take effect would negatively affect the officers on the Springfield Police Department. In addition, public interest would be negatively affected because minority officers would be dissuaded from applying for positions with the Springfield Police Department; thereby depleting the pool of competent individuals willing to serve on the force.

Wherefore, Plaintiff respectfully requests this court to grant the relief requested in its Emergency Complaint and Application for Injunctive and Declaratory Relief, including Temporary Restraining Order.

DATE: AUGUST 24, 2004            Respectfully submitted,

**ATTORNEY FOR PLAINTIFFS**

/Tammy Sharif
BBO #659134
Holly D. Battige
BBO#:654621
Attorneys for Plaintiffs
1242 Main Street, Suite 314
Springfield, MA 01103
(413)439-0200

# In The United States District Court
# For The Western District of Massachusetts

| | |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E. Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega<br><br>                    **PLAINTIFFS**<br><br>      v.<br><br>IBPO, Local 364,<br>                    **DEFENDANT** | CIVIL ACTION NO.: |

## ORDER GRANTING PRELIMINARY INJUNCTION

This Court has considered Plaintiffs Application for Injunctive and Declaratory Relief, including Temporary Restraining Order. On the basis of that motion, the memorandum of points and authorities in support thereof and exhibits thereto, the facts and arguments presented to the Court, all pleadings and papers on file, and such other matters, both oral and documentary, as have properly come before the Court, this Court hereby finds that the motion should be GRANTED.

It appears to the Court that, unless a Temporary Restraining Order granting appropriate relief is issued immediately before the matter can be heard on notice, irreparable injury would result to Plaintiffs; Defendant threaten to do one or more actions in violation of the rights of Plaintiff respecting the subject of the action, tending to render the judgment ineffectual; and pecuniary compensation would not afford adequate relief. Good cause appearing,

IT IS HEREBY ORDERED that the Defendant IPBO, Local 363 is preliminarily

enjoined from enforcing the Arbitrator's Award.

DATED:_____                    _____

                                                                  THE PRESIDING DISTRICT COURT JUDGE

Copies to be served upon:

Kevin B. Coyle, Esq.
International Brotherhood of Police Officers
Local 363
1299 Page Blvd.
Springfield, MA 01104

# In The United States District Court
# For The Western District of Massachusetts

CIVIL ACTION NO.:

Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E.Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega

**PLAINTIFFS**

v.

IBPO, Local 364,

**DEFENDANT**

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

I, Julio M. Toledo, Jr., Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am employed as a Springfield Police Officer and have been a member of local 364 of the IBPO since my date of hire on 10/15/1996.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

   So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be

based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

   i. The City will reassign badge numbers effective February 24, 2004.

   ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

   iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

   iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

   v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

   vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.

10. I am <u>Hispanic</u> and I am directly harmed by the Arbitrator's decision.

11. As a result of the Arbitrator's decision, I will loose seniority and my work shift will change.

12. Should my motion for injunctive relief be denied, my badge number will be reassigned and consequently will drop <u>5</u> badge numbers.

13. I currently work <u>4p.m. – 12 a.m.</u> shift. As a direct result of the Arbitrator's decision I am unlawfully subject to a change in my work shift and vacation time due to a loss in seniority.

14. I have a meritorious cause of action and there is a reasonable likelihood that judgment on the merits will be rendered in my favor plus costs, interest and attorney's fees.

SIGNED under the pains and penalties of perjury this 28th day of July, 2004.

_____
Signature

Julio m. Toledo Jr.
_____
Print

# In The United States District Court
# For The Western District of Massachusetts

|  | CIVIL ACTION NO.: |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E. Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega <br><br> **PLAINTIFFS** <br><br> v. <br><br> **IBPO, Local 364,** <br> **DEFENDANT** |  |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

I, <u>Josh Haygood</u>, Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am employed as a Springfield Police Officer and have been a member of local 364 of the IBPO since my date of hire on <u>07/13/1998</u>.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

    So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be

based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

   i. The City will reassign badge numbers effective February 24, 2004.

   ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

   iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

   iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

   v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

   vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.