10. I am <u>African American</u> and I am directly harmed by the Arbitrator's decision.

11. As a result of the Arbitrator's decision, I will loose seniority and my work shift will change.

12. Should my motion for injunctive relief be denied, my badge number will be reassigned and consequently will drop <u>3</u> badge numbers.

13. I currently work <u>11p.m. to 7 a.m.</u> shift. As a direct result of the Arbitrator's decision I am unlawfully subject to a change in my work shift and vacation time due to a loss in seniority.

14. I have a meritorious cause of action and there is a reasonable likelihood that judgment on the merits will be rendered in my favor plus costs, interest and attorney's fees.

# In The United States District Court
# For The Western District of Massachusetts

|  | CIVIL ACTION NO.: |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E. Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega<br><br>**PLAINTIFFS**<br><br>v.<br><br>IBPO, Local 364,<br>    **DEFENDANT** | |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

I, <u>Jason E. Larrier</u>, Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am employed as a Springfield Police Officer and have been a member of local 364 of the IBPO since my date of hire on <u>10/15/1996</u>.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

    > So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be

based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

   i. The City will reassign badge numbers effective February 24, 2004.

   ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

   iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

   iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

   v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

   vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.

10. I am <u>African American</u> and I am directly harmed by the Arbitrator's decision.

11. As a result of the Arbitrator's decision, I will loose seniority and my work shift will change.

12. Should my motion for injunctive relief be denied, my badge number will be reassigned and consequently will drop <u>5</u> badge numbers.

13. I currently work <u>4p.m. – 12 a.m.</u> shift. As a direct result of the Arbitrator's decision I am unlawfully subject to a change in my work shift and vacation time due to a loss in seniority.

14. I have a meritorious cause of action and there is a reasonable likelihood that judgment on the merits will be rendered in my favor plus costs, interest and attorney's fees.

SIGNED under the pains and penalties of perjury this 20th day of July, 2004.

_Jason Lavrier_
Signature

_Jason E. Lavrier_
Print

# In The United States District Court
# For The Western District of Massachusetts

|  | CIVIL ACTION NO.: |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E.Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega<br><br>**PLAINTIFFS**<br><br>v.<br><br>IBPO, Local 364,<br>**DEFENDANT** |  |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

I, <u>Tommie O. Hart</u>, Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am employed as a Springfield Police Officer and have been a member of local 364 of the IBPO since my date of hire on <u>10/15/1996</u>.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

   > So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be

based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

   i. The City will reassign badge numbers effective February 24, 2004.

   ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

   iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

   iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

   v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

   vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.

10. I am <u>African American</u> and I am directly harmed by the Arbitrator's decision.

11. As a result of the Arbitrator's decision, I will loose seniority and my work shift will change.

12. Should my motion for injunctive relief be denied, my badge number will be reassigned and consequently will drop <u>10</u> badge numbers.

13. I currently work <u>11p.m. – 7 a.m.</u> shift. As a direct result of the Arbitrator's decision I am unlawfully subject to a change in my work shift and vacation time due to a loss in seniority.

14. I have a meritorious cause of action and there is a reasonable likelihood that judgment on the merits will be rendered in my favor plus costs, interest and attorney's fees.

SIGNED under the pains and penalties of perjury this 20th day of July, 2004.

_Tommie O. Hart_
Signature

_Tommie O. Hart_
Print

# In The United States District Court
# For The Western District of Massachusetts

|  |  |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E. Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega<br><br>          PLAINTIFFS<br><br>v.<br><br>IBPO, Local 364,<br>          DEFENDANT | CIVIL ACTION NO.: |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

I, Angel Perez, Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am currently employed as a Springfield Police Officer.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

> So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be based in the order of the civil service list from which the applicants are appointed.

> This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

    i. The City will reassign badge numbers effective February 24, 2004.

    ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

    iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

    iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

    v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

    vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.

10. I am <u>Hispanic</u> and I am directly harmed by the Arbitrator's decision.

11. As a result of the Arbitrator's decision, I will loose seniority and my work shift will change.

12. Should my motion for injunctive relief be denied, my badge number will be reassigned and consequently will drop 5 badge numbers.

13. I currently work 11p.m. – 7 a.m. shift. As a direct result of the Arbitrator's decision I am unlawfully subject to a change in my work shift and vacation time due to a loss in seniority.

14. I have a meritorious cause of action and there is a reasonable likelihood that judgment on the merits will be rendered in my favor plus costs, interest and attorney's fees.

SIGNED under the pains and penalties of perjury this 20th day of July, 2004.

_____
Signature

_____
Print   Angel Perez

## In The United States District Court
## For The Western District of Massachusetts

CIVIL ACTION NO.:

Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E.Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega

**PLAINTIFFS**

v.

IBPO, Local 364,

**DEFENDANT**

### PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
### FOR INJUNCTIVE RELIEF

I, Pedro R. Mendez, Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am employed as a Springfield Police Officer and have been a member of local 364 of the IBPO since my date of hire on 10/15/1996.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

    So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be

based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

   i. The City will reassign badge numbers effective February 24, 2004.

   ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

   iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

   iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

   v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

   vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.

10. I am <u>Hispanic</u> and I am directly harmed by the Arbitrator's decision.

11. As a result of the Arbitrator's decision, I will loose seniority and my work shift will change.

12. Should my motion for injunctive relief be denied, my badge number will be reassigned and consequently will drop <u>7</u> badge numbers.

13. I currently work <u>12a.m. to 8 a.m.</u> shift. As a direct result of the Arbitrator's decision I am unlawfully subject to a change in my work shift and vacation time due to a loss in seniority.

14. I have a meritorious cause of action and there is a reasonable likelihood that judgment on the merits will be rendered in my favor plus costs, interest and attorney's fees.

SIGNED under the pains and penalties of perjury this 20th day of July, 2004.

*[signature: Pedro R Mendez]*
Signature

Pedro R. Mendez
Print

# In The United States District Court
# For The Western District of Massachusetts

CIVIL ACTION NO.:

| | |
|---|---|
| Julio Toledo Jr., Josh C. Haygood, , Greg McCain, Martin Santa, David Franco, Juan R. Estrada, Kevin Bell, Howard Lockwood, Jason E.Larrier, Tommie O. Hart, Angel Perez, Pedro R. Mendez, Leonardo Matos Jr., Herminio Rivas Jr., Sinel Franco, Rafael Vega <br><br>            PLAINTIFFS <br><br> v. <br><br> IBPO, Local 364, <br>            DEFENDANT | |

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION
## FOR INJUNCTIVE RELIEF

I, <u>Leonard Matos, Jr.</u>, Plaintiff in the above entitled matter, say upon my personal knowledge, information and belief, that:

1. I am over the age of (18) and subject to no infirmity which would preclude me from recollecting or recounting the information set forth in this Affidavit.

2. This Affidavit is being submitted in support of my motion for injunctive relief.

3. I am employed as a Springfield Police Officer and have been a member of local 364 of the IBPO since my date of hire on <u>02/05/2001</u>.

4. On June 25, 2004, Richard G. Higgins, (hereinafter) "Arbitrator" for IBPO, Local 364 and the City of Springfield granted an award for IBPO, Local 364.

5. In his decision, Arbitrator found that the City of Springfield did violate Section 7.02 of the Collective Bargaining Agreement by the manner it assigned badge numbers after July 1, 1995.

6. Section 7.02 of the Collective Bargaining Agreement reads as follows:

    So far as not in conflict with the General Law, seniority among employees who are appointed and complete recruit training academy on the same date, shall be

based in the order of the civil service list from which the applicants are appointed. This paragraph shall apply to the employees appointed after July 1, 1995 and shall not affect the seniority of employees previously appointed whose seniority was computed in accordance with criteria then in effect. If this paragraph is determined to be invalid by a final determination of any court or administrative agency, the parties to this agreement shall commence negotiations on a new criteria for seniority among employees who are appointed and complete recruit training on the same date.

7. Arbitrator's remedy is as follows:

   i. The City will reassign badge numbers effective February 24, 2004.

   ii. IBPO, Local 364 and the City of Springfield will reassess any recalls occurring after February 23, 2004 in light of these newly assigned badge numbers. Any individual with the newly assigned badge numbers, pursuant to Section 7.02, who would have been recalled earlier than he/she was recalled after February 23, 2004, will be made whole for the delay in recall, less any and all outside earnings and/or unemployment compensation associated with that same period.

   iii. Any individual who was laid off in 2003 and, based upon the reassigned badge numbers in accordance with Section 7.02, would not have been laid off in 2003, will, if not already recalled, be immediately recalled and made whole for all losses back to the date of layoff, less any all outside earnings and/or unemployment compensation.

   iv. Any layoff in 2003 where the Officer was recalled prior to February 24, 2004, will not receive any remedy, even though he/she might have had a shorter layoff period under the newly reassigned badge numbers. The absence of any remedy for this group of individuals is in deference to the City's right to be protected against an excessive remedy impact when the Union failed to act on its rights for nine years.

   v. Current vacation cycle assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized in the next vacation selection cycle.

   vi. Current shift assignments will not be disturbed, and newly assigned badge numbers based upon this Award will be utilized for the next round of shift assignments. The City may not avoid the consequences of this Award on shift assignments by unduly delaying the next round of shift assignments.

8. In this civil action I assert that the Arbitrator's decision is in direct violation of the terms of a "Consent Decree" and final judgment entered by filing a mandate by Castro v. Beecher.

9. The Arbitrator's decision and award disproportionately harms minorities.