# In The United States District Court
# For The Western District of Massachusetts

|  |  |
|---|---|
| Julio Toledo Jr.,et. al | CIVIL ACTION NO.: 04-CV-30163-MAP |
| **PLAINTIFFS** | |
| v. | |
| IBPO, Local 364, | |
| **DEFENDANT** | |
| v. | |
| Springfield Police Department, | |
| **DEFENDANT** | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE PRESIDING JUDGE:

1. This is an action by Plaintiffs union members against their labor union, International Brotherhood of Police Officers, Local 364, hereinafter referred to as IBPO, Local 364, based upon breach of the duty of fair representation.

2. A civil action was originally brought by Plaintiffs in August 24, 2004 against Defendant IBPO, Local 364.

3. Plaintiffs bring this action to enjoin the Defendant City of Springfield Police Department, their agents, servants and employees and those acting in active concert and with actual notice there of, from enforcing the Arbitrator's Award, granted on June 25, 2004, which, is in direct conflict with the Consent Decree enumerated in <u>Castro v. Beecher</u>, 334 F. Supp.

930 (D. Mass. 1971), *aff'd*, 459 F.2d 725 (1st Cir. 1972); <u>Boston Chapter NAACP v. Beecher,</u> 371 F. Supp. 507 (D. Mass. 1974), *aff'd*, 504 F.2d 1017 (1st Cir. 1974).

4. Unless Defendant City of Springfield Police Department is immediately enjoined, it will begin reassigning badge numbers in direct conflict with this Courts 1973, Consent Decree enumerated in <u>Castro v. Beecher</u>, 365 F.Supp. 655 (D. Mass. 1973), and the City of Springfield will undermine the effect this Court intended when deciding <u>Castro v. Beecher</u>.

5. Plaintiffs pray for Declaratory Judgment to determine the constitutionality of the actions of the Arbitrators Award in exercising jurisdiction over the <u>Castro v. Beecher</u> case and in reassigning badge numbers.

### JURISDICTION AND VENUE

6. The Court has jurisdiction over this lawsuit because it involves the interpretation and enforcement of a federal consent decree between KB Home and the United States of America entered in the United States District Court. 28 U.S.C.§ 1331.

7. This Court has Federal Question Jurisdiction over Plaintiffs' claim to vacate the Arbitrator's Award because the award was rendered in manifest disregard of federal law. When the petitioner complains principally and in good faith that the arbitration award was rendered in manifest disregard of federal law, a substantial federal question is presented and the federal courts have jurisdiction to entertain the petition. <u>Greenberg v. Bear, Stearns & Co.</u>, 220 F. 3d 22, 27 (2nd Cir 200), cert denied, 531 U.S. 1075 (2001).

8. It is well established that this Court is not prohibited from entertaining a claim that a union has (1) breached its duty of fair representation or (2) violated the LMRDA. <u>Vaca v. Sipes,</u> 386 U.S. 171 (1967); <u>International Brotherhood of Boilermakers v. Hardeman</u>, 401 U.S. 233(1971).

9. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 implemented through Rule 57 of the Federal Rules of Civil Procedure.

10. One or more Defendants reside in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Venue is therefore proper in the United States District Court for the Western District of Massachusetts pursuant to 28 U.S.C. *1391(b).

## PARTIES

11. Plaintiffs are and were at all times relevant herein, individuals and residents of Hampden County Massachusetts and are police officers of the Springfield Police Department.

12. Plaintiffs are minority Springfield Police Officers. (See Affidavits)

13. Defendant IBPO, Local 364, is and was at all times relevant herein, a resident of Hampden County Massachusetts and is the recipient of the Arbitrator's Award granted on June 25, 2004.

14. Defendant City of Springfield Police Department is and was at all times relevant herein, a resident of Hampden County Massachusetts and is the entity responsible for enforcing the Arbitrator's Award granted on June 25, 2004.

## FACTS

15. In 1971, this Court in Castro v. Beecher, 334 F. Supp. 930 (D. Mass. 1971) set out a consent decree that mandated the hiring practices to be implemented by Commonwealth's Police and Fire Departments to ensure the fair and equal hiring of minorities..

16. In February of 23, 2004, this issue of badge changes was brought before the Board of Police Commissioners, who unanimously voted against changing seniority list. The issue was ultimately sent to arbitration

17. On June 25, 2004, an Arbitrator's Award was awarded the Defendant IBPO, Local 364.

3

18. Plaintiffs allege that the Defendant IBPO, Local 364 breached its statutory duty of fair representation when it discriminated in bad faith by representing a white officer in arbitration that stripped Plaintiffs of their seniority.

19. Plaintiffs allege that Defendants City of Springfield and IPBO, Local 364 both have knowledge of the Castro v. Beecher consent decree's mandated hiring practices.

20. The Arbitrator's decision disclosed that Castro v. Beecher consent decree governs the hiring practices of minorities within the Springfield Police Department, however, neither Defendant presented evidence during arbitration relating to the consent decree

21. Plaintiffs allege that Defendants City of Springfield and IBPO, Local 364 purposefully failed to disclose and present any and all pertinent facts relating to the Castro v. Beecher Consent Decree during the Arbitration Hearings so that the Arbitrator could make a more informed decision.

22. Plaintiffs who are minority police officers are members of IBPO, Local 364 and are being made to give up their seniority to majority union members.

23. Plaintiffs assert that Defendant IBPO, Local 364 was aware that its decision to represent a white officer in arbitration that would cause injury to minority officers by stripping them of their seniority.

24. Defendant IBPO, Local 364 was also mindful that their actions to represent a white officer in arbitration would cause great hostility within the police department, thereby intentionally causing hostility within the work place.

25. When the Defendant IBPO, Local 364 chose to represent a white officer to supersede a long standing federal consent decree, it intentionally created a hostile work environment.

26. The Arbitrators Award in essence stripped minority officers of the ability they once possessed to be fairly and equally hired by the Springfield Police Department.

27. Prior to this Courts Consent Decree of 1971, the Springfield Police Department had no affirmative practice when hiring minorities and was free to discriminate in its hiring.

4

28. The City of Springfield Police Department will now begin reassigning badge numbers in November 2004 to Springfield police officers hired in 1996, 1997, and 1998.

29. This reassignment of badge numbers strips minority officers of their seniority.

30. The City of Springfield Police Department is the hiring authority for the police department.

31. HRD published guidelines entitled "A Certification Handbook" issued to appointing authorities in the State of Massachusetts that are subject to Castro v. Beecher consent decree. The handbook clearly instructs all appointing authorities to comply with the provisions of the Castro v Beecher Consent Decree. *(See Exhibit E, p. 6 ¶ 5.)*

32. The City of Springfield Police Department is required by the Castro v. Beecher consent decree to carry out the one-for-one hiring mandate.

33. If the City of Springfield Police Department carries out the ruling in the Arbitrator's Award it will be in direct breach of the federally mandated consent decree of Castro v. Beecher and will therefore be adhering to discriminatory hiring practices.

## CLAIM I
### (To Usurp Castro v. Beecher is a violation of public policy)

34. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 33 as set forth herein.

35. The Departments has not yet met the minority employment percentage goals (parity) set forth in the Consent Decrees.

36. The appointing authority (City of Springfield Police Department) must petition the State's Chief Human Resources Officer to be exempt from the **stipulated court order** outlining the hire of entry level Police Officers.

37. The ruling this year by the United States Court of Appeals, First Circuit, in the matter of Quinn v. City of Boston and the NAACP has made it clear that a municipality should petition to be exempt from the Consent Decree once the Department has achieved parity

5

38. The Defendant City of Springfield Police Department entered into a collective-bargaining agreement that is contrary to public policy and that the question of public policy is ultimately one for resolution by the courts.

39. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

40. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

## CLAIM II

### (Breach of Statutory Duty of Fair Representation)

41. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 40 as set forth herein.

42. The Defendant IBPO, Local 364 breached its statutory duty of fair representation when it discriminated in bad faith by representing a single majority white officer in arbitration that stripped Plaintiffs of their seniority.

43. As a result of Defendants' unlawful Breach of Statutory Duty of Fair Representation, and by engaging in the unjustified conduct described more fully hereinabove, Defendants intentionally, negligently, and improperly interfered with Plaintiffs' constitutional rights as governed by Castro v. Beecher consent decree, and earned seniority benefits.

44. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff

seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

45. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

## CLAIM III

### (Breach of Duty of Fair Representation by Failure to Assert Plaintiffs' Rights)

46. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 45 as set forth herein.

47. Defendants, City of Springfield Police Department and IBPO, Local 364 was legally committed to present evidence governed by <u>Castro v. Beecher</u> consent decree. The Defendant City or Defendant IBPO, Local 364 never informed the arbitrator of the hiring practices mandated by the federal consent decree.

48. Defendants, City of Springfield Police Department and IBPO, Local 364 never informed Plaintiffs of the actual date of the arbitration nor did they inform Plaintiffs of the outcome of the arbitration that took place. Instead, Plaintiffs' learned of the arbitration award through word of mouth.

49. Plaintiffs were informed by an IBPO official that arbitration could take up to six months and to not expect arbitration to take pace unit November 2004. Instead, on April 6, arbitration took place between the Defendants City of Springfield Police Department and IBPO, Local 364.

50. If the Defendants City of Springfield Police Department and IBPO, Local 364 were actually aware of the provisions of <u>Castro v. Beecher</u>, then it was under a duty to present that evidence to the arbitrator.

51. The Defendants, City of Springfield Police Department and IBPO, Local 364 were actually aware of the provisions of <u>Castro v. Beecher</u> and willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights failed to present adequate evidence relating to <u>Castro v. Beecher</u> during the arbitration proceedings.

52. In short, if Defendants, City of Springfield Police Department and IBPO, Local 364 were not actually aware of the provisions of the <u>Castro v. Beecher</u>, then it was only as a result of its willful ignorance and the Defendants City of Springfield Police Department and IBPO, Local 364 should be held to the same standard as actual knowledge.

53. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

54. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

## CLAIM IV

### (Intentionally Creating a Hostile Work Environment)

55. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 54 as set forth herein.

56. Defendants City of Springfield Police Department and IBPO, Local 364 were mindful that the actions of Defendant IBPO, Local 364 to represent a white officer in arbitration would cause great hostility within the police department, thereby intentionally causing hostility within the work place.

57. The Defendant City of Springfield Police Department unlawfully failed to refuse to participate in an unlawful arbitration proceeding and failure to seek judicial review of unlawful arbitration award created a hostile work environment..

58. The Defendant IBPO, Local 364's willful and mindful disregard for <u>Castro v. Beecher</u> federal consent decree created a hostile work environment.

59. Defendants' actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

60. As a direct and proximate result of the conduct of Defendants as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

## CLAIM V

**(Defendants, City of Springfield Police Department and IBPO, Local 364 had a duty to seek judicial review of arbitration proceedings and to promptly disclose and disseminate all truthful information that would be material to the arbitration proceedings)**

61. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 60 as set forth herein.

62. The Defendants, City of Springfield Police Department and IBPO, Local 364 owed a duty to the Plaintiffs to ensure that the <u>Castro v. Beecher</u> consent decree is upheld.

63. The Defendants City of Springfield Police Department owed duty to plaintiffs to seek judicial review of an order to violate <u>Castro v. Beecher</u> federal consent decree

64. The Defendants, City of Springfield Police Department and IBPO, Local 364 purposefully failed to disclose any and all pertinent facts relating to the Consent Decree during arbitration so that the arbitrator could make a well informed decision.

65. The Defendants, City of Springfield Police Department and IBPO, Local 364 individually and in concert, directly and in indirectly engaged and participated in a continuous course of conduct to conceal any and all pertinent material information that would reveal the details of <u>Castro v. Beecher</u> consent decree.

66. The Defendants, City of Springfield Police Department and IBPO, Local 364 breached their duty to Plaintiff by failing to abide by the <u>Castro v. Beecher</u> consent decree hiring procedures for minorities in order to ensure that the City of Springfield abided by its obligations to Plaintiff under the regulations of the consent decree.

67. By virtue of the negligence of the Defendants, City of Springfield Police Department and IBPO, Local 364, Plaintiff has suffered damages, for which they are liable.

68. The Defendants, City of Springfield Police Department and IBPO, Local 364 actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

69. As a direct and proximate result of the conduct of Defendants, City of Springfield Police Department and IBPO, Local 364 as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

## CLAIM VI

### (Breach of Plaintiffs' <u>Castro v. Beecher</u> Contractual Rights)

70. The Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 69 as set forth herein.

71. The Defendant City of Springfield Police Department and IBPO, Local 364 breached Plaintiffs' contractual rights. Plaintiffs' contractual rights are governed by the Castro v. Beecher federal consent decree.

72. The Defendants, City of Springfield Police Department and IBPO, Local 364 actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiffs' rights, and as a direct and proximate result thereof Plaintiff suffered economic and emotional damage in a total amount to be proven at trial, therefore Plaintiff seeks exemplary and punitive damages in an amount sufficient to deter said Defendant and others from similar future wrongful conduct.

73. As a direct and proximate result of the conduct of Defendants, City of Springfield Police Department and IBPO, Local 364 as alleged hereinabove, Plaintiff has suffered general and special pecuniary and non-pecuniary damages in an amount to be proven at trial.

## CLOSING

The Castro v. Beecher consent decree was not designed to give an unfair advantage to minorities. Instead it was designed to level the playing field and to open door of opportunity to minorities where there once was none. It was designed to create a diverse working environment that would benefit the community, and to make the manpower of the department reflect the numbers of the community that it serves. A change of this magnitude will have an adverse impact on minorities who serve the public trust.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

A. That this Court immediately issue a preliminary and permanent injunction against Defendant City of Springfield Police Department and all other persons acting in concert with them, enjoining the enforcement of reassigning Springfield Police Officers' badge numbers..

11

B. That this Court render a Declaratory Judgment:

    (1) Declaring the Arbitrator exceeded his authority in finding for Defendant IBPO, Local 364.

    (2) Declaring that the Arbitrator exceeded his authority in exercising jurisdiction over this Court by usurping the clear intent of <u>Castro v. Beecher</u> consent decree.

    (3) Declaring that the Defendant IBPO, Local 364 award unlawfully discriminate against Plaintiffs based on race, color and nationality.

C. That this Court adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy in order that such declaration shall have the force and effect of final judgment.

D. That this Court retain jurisdiction of this matter for the purpose of enforcing this Court's order.

E. That this Court award Plaintiffs the reasonable costs and expenses of this action, including attorney's fees, in accordance with 42 U.S.C. §1998.

F. That this Court enter judgment in their favor against Defendant in an amount the amount of sixteen million dollars ($16,000,000.00) for conscious pain and suffering and all other damages recoverable together with interest, costs and such other relief as this Honorable Court may deem appropriate.

G. That this Court grants such other and further relief as this Court deems equitable and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

DATE: NOVEMBER 15, 2004                    Respectfully submitted,

                                           **ATTORNEY FOR PLAINTIFFS**

                                           _____
                                           Tammy Sharif
                                           BBO#: 6591334
                                           Attorney For Plaintiffs
                                           The Walker Building
                                           1242 Main Street, Suite 314
                                           Springfield, MA  01103
                                           Telephone: (413) 439-0200
                                           Facsimile:  (413) 785-0801

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that a true copy of the within First Amended Complaint was this day served upon all parties to this action by mailing same, first class postage prepaid to all Attorneys of record.

SIGNED under the pains and penalties of perjury.

DATE: NOVEMBER 15, 2004                    Respectfully submitted,

                                           **ATTORNEY FOR PLAINTIFFS**

                                           _____
                                           Tammy Sharif
                                           BBO#: 6591334
                                           Attorney For Plaintiffs
                                           The Walker Building
                                           1242 Main Street, Suite 314
                                           Springfield, MA  01103
                                           Telephone: (413) 439-0200
                                           Facsimile:  (413) 785-0801

**Copies to be served upon:**

Kevin B. Coyle
Coyle, Dunbar, Geoffrion & Ward
935 Main Street
Springfield, MA 01103

Peter M. Murphy
City of Springfield
Law Department
36 Court Street
Springfield, MA 01103

Edward M. Pikula
City of Springfield
Law Department
36 Court Street
Springfield, MA 01103